## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Margaret Melillo, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 09-CV-1829 JNE/FLN |
| v. | ) |
| | ) |
| Collection Recover Systems, Inc. | ) |
| and John Doe, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

## JURY TRIAL DEMANDED

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Margaret Melillo (hereinafter "Plaintiff"), is a natural person residing in the County of Rice, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Collection Recovery Systems, Inc., (hereinafter "Defendant CRS"), is a collection agency operating from an address of 8035 East R.L. Thornton, Suite 220, Dallas, TX 75357-0909, is "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe (hereinafter "Defendant Doe"), is a natural person employed by Defendant CRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to January 2008, upon information and belief, Plaintiff and husband, Keith Melillo, incurred a financial obligation that was primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant CRS for collection from Plaintiff.

9. On August 15, 2008 a 30-day notification letter was received by the Plaintiff.

10. Defendant Doe, as part of its collection campaign, repeatedly contacted Plaintiff by telephone.

11. On August 21, 2008 at approximately 12:00 p.m. Plaintiff received a voice message from Defendant Doe stating, "Margaret, Mr. Smith of Dallas office returning your phone call … office number is 1-800-214-5362 if you feel as though you cannot reach me, have your attorney that is going to represent you on this civil claim give me a return call civil number is 2588119".

12. On August 21, 2008 Plaintiff's husband returned phone call. Defendant Doe answered, "Law office of Caleb Smith". They asked for Plaintiff's case number, which he gave to Defendant Doe.  Defendant Doe responded "This is Commercial Recovery Systems." Plaintiff's husband responded, "What? You just identified yourself as a Law Firm". Defendant Doe responded, "That's how we get you people to call".

13. On August 22, 2008, at 7:00 a.m., Plaintiff received a voice message from Defendant Doe stating "Margaret, Mr. Smith from Dallas the office number here is 1-800-214-5362 please reach me before 5 p.m. today."

14. On December 1, 2008 Defendant Doe called Plaintiff stating, "Yes, this message is for Margaret.  Caleb Smith in Dallas, I do need a return call back from you or your attorney that is going to represent you on this civil suit.  Then an affidavit of complaint, which is reference number of 2588119 there will be a decision rendered against social ending in 1272 that is going to severely affect your income. Margaret Mr. Smith in Dallas I do need a return call back from you or your attorney.  My office number here is 1-800-214-5362 and the case number again is 258819."

3

15. On December 2, 2008 Defendant Doe called Plaintiff stating, "Yes, good morning Margaret, Caleb Smith I left you a message yesterday. I did not receive a call back from you. I do need to hear back from you quite quickly. Please reach me back at 1-800-214-5362, reference file 2588119 when you return the call. Mr. Smith in Dallas."

16. Upon information and belief, in February of 2009, Defendant Doe left a voicemail on Plaintiff's voicemail system at work over the weekend. Defendant Doe's message was: "Good afternoon, this message is for Margaret. Margaret if you would please return my message. I do need a courtesy call back. If you for some reason feel uncomfortable reaching me have your legal counsel that's going to represent you on this civil matter reach me directly. Caleb Smith, my office number is 1-800-214-5362, reference file number 2588119. Good day."

17. Upon information and belief, Defendant Doe left the following messages on Plaintiff's work voicemail:

    "Yes, this message is for Margaret, Caleb Smith in Dallas I do need a return call back from you or your attorney that's going to represent you on this civil suit. There has been an Affidavit of Complaint, which is a...ah…reference number 2588119. There will be a decision rendered against social ending in 1272 that's going to severally affect your income. Margaret, Mr. Smith in Dallas, I do need a call back from you or your attorney. My office number here is 1-800-214-5362, case number again is 2588119."

"Ah yes good morning Margaret, Caleb Smith. I left a message yesterday and did not get a courtesy call back from you. I do need to hear back from you quite quickly. Please reach me back 1-800-214-5362 reference file 2588119, when you return the call, Mr. Smith in Dallas 1-800-214-5362."

"Ah yes, good afternoon I need to leave a message for Margaret. Please Caleb Smith Asset Liability Investigator out of Dallas, please I do need a return call back from you, Margaret, my office number is toll-free and direct 1-800-214-5362 need you to call me back with your federal reference number its 2588119. I do need to hear back from you quite quickly ma'am this is time sensitive, I will be making a recommendation against social ending in 1272 this is going to drastically affect your income. You do need to be appointed as process, Margaret. Mr. Smith, Caleb Smith in Dallas 1-800-214-5362."

18. Upon information and belief, on March 4, 2009 Defendant Doe left a message on Plaintiff's voice mail at work stating, "Hi Margaret, my name is Mrs. Montgomery. I am the Paralegal handling formal complaint number 2588119-35; the claim has been handed to me for filing. It's only fair that I allow you 48 hours to contact me directly on a voluntary basis for filing. I can be reached at 1-800-214-7879 today is Wednesday March 4, 2009, you have until Friday March 6th to contact me on a voluntary basis, have a great day."

19. Upon information and belief, in early July 2009, Plaintiff received another voice message from Defendant Doe at Plaintiff's place of employment stating, "This message is for Margaret Millilo, my name is Marcus Lease I am calling here

5

from the enforcement division here at CRS. Margaret, we have a serious complaint that's been forwarded to our department as your state rights we have to contact you to make sure you're aware of what's going on. We are to also to provide you with a phone number and case number for either you or your attorney. As of the 8th, which is this coming Wednesday we are making a decision based upon what has happened, you have falsified a lot of information. My phone number here is 1-800-214-5362 you can reach me at the extension of 1162 and make reference to case number 2588119."

20. The conduct of Defendants of threatening to take any action that cannot legally be taken or that is not intended to be taken, using false, deceptive or misleading representation or means in connection with the debt collection, exhibiting conduct the natural consequence of which is to harass, oppress, or abuse any person, and failing to provide the required debt collector notice is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692e(5), 1692e(11) and 1692f amongst others.

## Respondeat Superior Liability

21. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant CRS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CRS.

22. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CRS in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant CRS.

24. Defendant CRS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

25. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

**TRIAL BY JURY**

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## 15 U.S.C. § 1692 ET SEQ.

27. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

29. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

30. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

31. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

32. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

33. actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

34. such other and further relief as may be just and proper.

Dated: July 10, 2009    **MARTINEAU, GONKO & VAVRECK, PLLC**

  s/ Mark L. Vavreck                             .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:  (612) 659-9220
mvavreck@mgvlawfirm.com

**ATTORNEY FOR PLAINTIFF**